## GARDNER ET AL. *v.* JAQUES.

PRACTICE.—*Amendment of Pleading.*—*Refusal to Allow.*—*Harmless Error.*— Where, during the pendency of a rule to answer a good complaint, the court refuses the application of the plaintiff for leave to file an additional paragraph of complaint, not materially different from that on file, such refusal is not available as error on appeal to the supreme court.

From the Kosciusko Circuit Court.

*J. H. Carpenter* and *W. S. Marshall*, for appellants.
*H. S. Biggs* and *S. J. North*, for appellee.

PERKINS, J.—Action to recover personal property. The complaint filed by appellants, Alice M. Gardner, Emma Lacy, William A. E. Lacy and Sarah Lacy, by their next friend, Loren Gardner, against Oliver P. Jaques, alleges that the plaintiffs " are the owners and lawfully entitled to

the possession of the following personal property, to wit; one piano of the value of two hundred dollars, of which the defendant has possession without right, and unlawfully detains from the plaintiffs, wherefore they demand judgment for the recovery of the property, and damages," etc.

While a rule to answer was pending, the plaintiffs asked leave of the court to file a second paragraph of complaint, as follows:

" The plaintiffs, for a second and further cause of action, say that they are the owners, jointly, of one piano of the value of two hundred dollars, and that the same has been levied upon as the property of Margaret Edsall, by the said defendant, on an execution in his hands as sheriff of said county, said execution being against said Margaret Edsall, and that said defendant, as such sheriff, advertised said property for sale on the 20th day of August, 1873; wherefore the plaintiffs demand judgment decreeing that they are the owners of said property, and for other proper relief."

The court refused leave to file the paragraph, the appellants excepted, and this is the only act of the court below insisted upon in this court, in the brief of appellants' counsel, as erroneous.

It is not disputed that both paragraphs of the complaint are for the recovery of one and the same piano, but the appellants' argument is that it is the legal right of a plaintiff to amend his pleadings; that the court, in its ruling disallowing the exercise of that right in this case, erred, and that, for that error, the judgment below must be reversed, whether the error worked injury to the party or not. They quote the statute thus: "Any pleading may be amended by either party of course at any time before the pleading is answered. * * *." 2 R. S. 1876, p. 81, sec. 97. They then quote from *Farrington* v. *Hawkins*, 24 Ind. 253, that " the plaintiff had a right, at any time before his complaint was answered, to amend his pleadings, and to file additional paragraphs," and proceed;

" Thus the law is settled that before plaintiffs' complaint was answered they had a right to file an additional paragraph, and in refusing that right the court clearly erred; and we ask that the judgment below be reversed, and the court ordered to grant leave to appellants to file the additional paragraph of complaint." *Cui bono?* If the appellants could not recover the piano on one good paragraph of complaint, they could not recover it on two. And if the evidence in the cause entitled them to recover it, they should have brought it before this court by bill of exceptions, and obtained a new trial on the paragraph of complaint on which the cause was tried. And if the evidence did not entitle them to recover and they have no additional evidence to offer, why seek the trouble and expense of another trial on another paragraph of complaint in no manner increasing the chance of success? And if they have additional evidence, that fact might justify an application, in a proper mode, for a new trial below, but not an appeal to this court to obtain leave to file a useless additional paragraph to the complaint.

The case of *Farrington* v. *Hawkins, supra,* is not an authority for the appellants in this case, for the reason that in that case the additional paragraph was filed, the defendant demurred to it and the court below, properly, as the supreme court decided, overruled the demurrer, because the additional paragraph introduced an additional and distinct cause of action; and under the code the party had a right to file it any time before answer.

In this case, if the appellants had exercised their right under the statute and filed their paragraph without asking leave of the court, and the defendant had moved to strike it out as containing no new cause of action, and the court had sustained the motion, this court would not have reversed the case on that ground, because the ruling could have in no manner harmed the plaintiffs.

It is a rule too well settled, too long acted upon and too often repeated to be without the knowledge of counsel,

that this court does not reverse causes for harmless errors, when such have been committed. See *Wells* v. *Bower*, at the present term, *post*, p. 575.

The judgment is affirmed, with costs.